STATE OF MISSOURI, Respondent, v. WARONKER et al., Appellants.

St. Louis Court of Appeals, Submitted January 26, 1909, Opinion filed February 23, 1909.

APPELLATE PRACTICE: Insufficient Transcript of Record: Indictment. On an appeal from a conviction where the only errors assigned go to the sufficiency of the indictment to sustain a verdict, the court cannot review such errors where the transcript fails to set out the indictment either in full or in substance.

Appeal from Bollinger Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

State v. Waronker.

REYNOLDS, P. J.—We cannot say authoritatively what this case is about. The judgment in it recites that the court, trying the case without a jury, finds the defendants "guilty as charged in said indictment: whereupon it is ordered by the court that punishment be assessed at a fine of one dollar each," and judgment follows assessing the fine and costs against the defendants and in favor of the State. The transcript contains a motion to quash the indictment; also a bill of exceptions setting out the proceedings at the trial and exceptions saved; the conviction and fine of both defendants; motion for new trial and motion in arrest of judgment, both overruled and exceptions duly saved; prayer for appeal and order granting appeal; bond filed and approved, all in proper form. We gather from the transcript that defendants were indicted for violation of some phase of the Sunday law, connected with keeping open their store or selling furnishing goods on Sunday. But no indictment in full or in substance is set out anywhere in the transcript. Courts are supposed to pass on records as presented, and are not at liberty to guess an indictment into the record and hold that it charges no offense, or that the statute under which the indictment was framed, is unconstitutional. It is on these grounds it is here sought to be attacked by the motion to quash and by various objections at the trial. On such a transcript it is impossible for us to notice any of the errors assigned, as they all refer to the indictment. No briefs, abstract or statement have been filed by counsel. The omission of the indictment is inexcusable carelessness. It is a fortunate thing for the defendants that their punishment is merely a fine, and that fine a light one. The presumption always being in favor of the regularity of the proceedings of a court of record, and in favor of the constitutionality of all statutes, on this transcript we must, as we do, affirm the judgment of the circuit court. All concur.